# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICIA VARRASSO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARLEN BARKSDALE, et al.,<br><br>    Defendants. | Case No. 13-cv-1982 BAS (JLB)<br><br>**ORDER:**<br>**(1) DENYING LEAVE TO AMEND AS FUTILE; AND**<br>**(2) GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**(DOC. 42, 47)** |

      On August 26, 2013, Plaintiffs Tricia Varrasso, Donald Varrasso, and Harold Will filed a Complaint claiming damages against Defendants Sun West Solar, Inc. et al. for defrauding Plaintiffs. Doc. 1. Plaintiffs then amended their complaint on September 9, 2013. Soon afterward, Defendants filed separately noticed motions to dismiss the complaint. Then, on October 22, 2013, Plaintiffs filed a motion for leave to amend the complaint. Doc. 20. The court granted their request. Plaintiffs therefore filed their Second Amended Complaint on January 14, 2014. Then, less than two weeks later and the day before motions to dismiss were

due, Plaintiffs again moved for leave to amend their complaint. Doc. 42. The next day, five separately-noticed motions to dismiss from various defendants were filed.[1]

## I. BACKGROUND

Plaintiffs Tricia Varrasso, Donald Varrasso, and Harold Will loaned money to Defendant Sun West Solar, Inc. The initial loan, termed a "guaranteed good deal," totalled $645,000 and was secured with stock in Sun West and a property interest in the "Texan Resort," a property purportedly owned by Defendant. Second Am. Comp. ¶ 129.

Plaintiff was allegedly induced to loan Sun West an additional $155,000, but that transaction is not challenged in the Complaint. Proposed Third Am. Compl. ¶ 2. Plaintiffs claim that Defendants are involved in a racket. Second Am. Compl. ¶¶ 210–211.

## II. PLAINTIFFS' MOTION TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, a party may amend its complaint only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires," and apply this policy with "extreme liberality." *Id.*; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, leave to amend is not to be granted automatically. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). Granting leave to amend rests in the sound discretion of the district court. *Pisciotta v. Teledyne Indus., Inc.*,

---

[1] Defendants claim this continued series of amendments are in bad faith. Doc. 56, 4–5. While the Court declines to consider the merits of their allegations for the time being, a continued pattern of conduct subverting Defendants' attempts to address Plaintiffs' allegation could show bad faith and undue prejudice against Defendants.

91 F.3d 1326, 1331 (9th Cir. 1996).

The Court considers five factors in assessing a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing amendment bears the burden of showing any of the factors above. *See DCD Programs*, 833 F.2d at 186. Of these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, absent prejudice, a strong showing of the other factors may support denying leave to amend. *See id.*

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Futility is a measure of the amendment's legal sufficiency. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Thus, the test of futility is identical to the one applied when considering challenges under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978); *see Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend . . . where the amended complaint would be subject to dismissal." (citation omitted)).

Rule 8 of the Federal Rules of Civil Procedure requires each plaintiff to "plead a short and plain statement of the elements of his or her claim." *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 849 (9th Cir. 2000). Rule 8 requires each allegation to be "simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). Where the allegations in a complaint are "argumentative, prolix, replete with redundancy and largely irrelevant," the complaint is properly dismissed for failure to comply with

1  Rule 8(a). *McHenry v. Renne,* 84 F.3d 1172, 1177–79 (9th Cir.1996); *see also*
2  *Nevijel v. N. Coast Life Ins. Co.,* 651 F.2d 671, 673–74 (9th Cir.1981) (affirming
3  dismissal of complaint that was "verbose, confusing and almost entirely
4  conclusory").

5        "A complaint that fails to comply with Rule 8 may be dismissed pursuant to
6  Federal Rule of Civil Procedure 41(b)."*Bravo v. Cnty. of San Diego,* No. C 12–
7  06460, 2014 WL 555195, at *2 (N.D.Cal. Feb.10, 2014)."The propriety of
8  dismissal for failure to comply with Rule 8 does not depend on whether the
9  complaint is wholly without merit." *McHenry,* 84 F.3d at 1179. "Even if the
10 factual elements of the cause of action are present, but are scattered throughout the
11 complaint and are not organized into a 'short and plain statement of the claim,'
12 dismissal for failure to satisfy Rule 8 is proper." *Bravo,* 2014 WL 555195, at *2
13 (citing *McHenry,* 84 F.3d at 1178). Accordingly, the court has discretion to deny
14 motions for leave to amend if the proposed pleading fails to state a "short and plain
15 statement" on which relief may be granted as "futile" under Rule 15(a).

16       Here, amendment is futile because the proposed pleading does not include a
17 "short and plain statement," but instead includes voluminous unnecessary materials
18 failing to notify Defendants of the basis for the claims.

19       Plaintiffs begin the Proposed Third Amended Complaint claiming in an
20 ambiguous and legally conclusory fashion that Defendant Sun West Solar, Inc.
21 "bilk[ed] them out of their money through an elaborate scheme of fraudulent tricks,
22 devices, schemes, and artifices." Prop. Third Am. Compl. ¶ 4. However, the
23 proposed complaint fails to show, even though it proceeds for seventy-three pages,
24 how the Plaintiffs individually or collectively relied on any defendants' promises.
25 It is even unclear as to whether Plaintiffs have received any interest payments from
26 Sun West Solar, Inc. or any other defendant. A proper complaint focuses on a
27 simple and plain recitation of the relevant facts establishing a plausible claim for
28 relief. This proposed complaint fails to properly allege such relief and therefore

would not survive a motion to dismiss. The relevant facts necessary to properly plead may be included in the proposed complaint, but they are so buried in convoluted rhetoric and conjectural statements about the business structure of the entities involved that this proposed complaint cannot put Defendants on notice of the charges against which they must defend. Consequently, the proposed amended complaint would be futile because it could not survive a motion to dismiss. Accordingly, Plaintiffs' request for leave to amend is **DENIED**.

### III. DEFENDANTS' MOTIONS TO DISMISS

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting

*Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

When a claim is "grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the . . . claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). To satisfy the particularity requirement of Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (9th Cir.2003) (quoting *Cooper v. Pickett*, 137

F.3d 616, 627 (9th Cir. 1997)). Plaintiffs must plead enough facts to give defendants notice of the time, place, and nature of the alleged fraud together with an explanation of the statement and why it was false or misleading. *See id.* at 1107. Averments of fraud must be pled with sufficient particularity so as to give the defendants notice of the circumstances surrounding an allegedly fraudulent statement. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994) (superceded by statute on other grounds as stated in *Ronconi v. Larkin*, 253 F.3d 423, 429 n.6 (9th Cir. 2001)). The circumstances constituting the alleged fraud must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106 (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal quotation marks omitted). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

In making their allegations of fraud, Plaintiffs fail to allege the actual misconduct perpetrated by the defendants, alone or in concert, that might give rise to liability. While Plaintiffs claim Defendants have "refused to return" the so-called "investment," the Second Amended Complaint fails to provide facts supporting its legal conclusion that Defendants made misrepresentations. *See, e.g.*, Second Am. Compl. ¶ 195. Plaintiffs do not plead with particularly *who* made the misrepresentations, *what* those misrepresentations were, *when* the misrepresentations were made, and *how* each misrepresentations is false or misleading. Without particularity, the claims fail to meet the pleading standards of either Rule 8 or 9.

Accordingly, Plaintiffs' motion for leave to file an amended complaint is **DENIED**. Doc. 42. Defendant's motion to dismiss the Second Amended Complaint is **GRANTED**. Doc. 47. All other motions to dismiss are dismissed as moot. Doc. 44, 45, 46, 48. The Second Amended Complaint is dismissed without

1  prejudice, with leave to amend.  An amended complaint must be filed within 14
2  days from the date of this order.
3  **IT IS SO ORDERED.**
4  **DATED:  July 3, 2014**

Hon. Cynthia Bashant
United States District Judge