**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRICIA VARRASSO, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>ARLEN BARKSDALE, et al.,<br><br>　　　　　　　　Defendants.<br><br>AND RELATED CROSS AND COUNTERCLAIMS. | Case No. 13-cv-1982-BAS-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES** |

## I. BACKGROUND

After many attempts, Plaintiffs filed their Fourth Amended Complaint ("4AC"). (ECF No. 103.) This Court granted in part and denied in part Defendants' Motion to Dismiss the 4AC for failure to state a cause of action and ruled Plaintiffs had adequately stated causes of action for federal and state securities fraud and for conversion. (ECF No. 111.)

Defendants filed an Answer, including forty affirmative defenses. (ECF No. 113.) Plaintiffs now move to strike all forty affirmative defenses. (ECF No. 122.) The Court finds this motion suitable for determination on the papers submitted and without oral argument. See Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Strike. (ECF No. 122.)

## II.     ANALYSIS

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "[The] motion . . . should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt . . . the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004) (internal citations omitted). Before a motion to strike affirmative defenses may be granted, "the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." *Levin–Richmond Terminal Corp. v. Int'l Longshoremen's & Warehousemen's Union, Local 10,* 751 F. Supp. 1373, 1375 (N.D.Cal.1990) (quoting *Systems Corp. v. Am. Tel. & Tel. Co.,* 60 F.R.D. 692, 694 (S.D.N.Y. 1973)).

An affirmative defense is "immaterial" under Rule 12(f) if it "has no essential or important relationship to the claim for relief or the defenses being pleaded," and it is "impertinent" if it "consists of statements that do not pertain, and are not necessary,

to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotations omitted), rev'd on other grounds, 510 U.S. 517 (1994). It also may be "insufficient" as a matter of law where there are no questions of fact, any questions of law are clear and not in dispute, and under no set of circumstances could the defense succeed. *Vogel v. Huntington Oaks Del. Partners*, 291 F.R.D. 438, 440 (C.D. Cal. 2013) (citation omitted).

On the other hand, an affirmative defense is sufficient under Rule 12(f) if "it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *see also Vogel v. Linden Optometry APC*, No. CV 13-00295 GAF (SHx), 2013 WL 1831686, at *2 (C.D. Cal. Apr. 30, 2013) (stating that the Ninth Circuit has continued to apply *Wyshak* post *Iqbal/Twombly,* citing *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1023 (9th Cir. 2010)). Under *Wyshak,* "[f]air notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Kohler v. Island Rests., LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). "It does not, however, require a detailed statement of facts." *Id*.

Although Defendants request that this Court apply the pleading standards in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), to the affirmative defenses in this case, "[n]either the Ninth Circuit, nor any other Circuit Court of Appeals . . . has ruled on this issue." *Dodson v. Gold Cnty. Foods, Inc.,* No. 13–cv–336, 2013 WL 5970410, at *2 (E.D. Cal. Nov.4, 2013). "[T]he Supreme Court's analysis in *Twombly* and *Iqbal* is itself limited to pleadings under Federal Rule of Civil Procedure 8(a)(2)." *Kohler,* 280 F.R.D. at 566. "Rule 8(a)(2) requires that the party stating a *claim* for relief provide 'a short and plain statement of the claim *showing* that the pleader is entitled to relief.'" *Id.* (emphasis in original) (quoting Fed. R. Civ. P. 8(a)(2)). In contrast, Rule 8(c), which governs defenses, only requires the responding party to "affirmatively state" its defenses. Fed. R. Civ. P. 8(c). That distinction is important because "[f]actual plausibility—which is the key difference between *Twombly/Iqbal* pleading and 'fair notice' pleading—is

particularly suited to claim pleading because Rule 8(a)(2) requires that the party 'show[]' that it is entitled to relief." See Kohler, 280 F.R.D. at 566. "Applying the same standard of pleading to claims and affirmative defenses, despite this clear distinction in the rules' language, would run counter to the Supreme Court's warning in *Twombly* that legislative action, not 'judicial interpretation' is necessary to 'broaden the scope' of specific federal pleading standards." *Id.* Accordingly, absent further direction, this Court declines to extend the *Twombly/Iqbal* pleading standards to affirmative defenses. *See id.; see also Dodson,* 2013 WL 5970410, at *2; *Baker v. Ensign*, No. 11–cv–2060–BAS(WVG), 2014 WL 4161994 (S.D. Cal. Aug. 20, 2014).

Plaintiffs argue that all forty affirmative defenses should be dismissed for failure to provide fair notice under *Wyshak* and failure to comply with *Twombly/Iqbal.* The Court agrees many of these affirmative defenses appear to be redundant and/or may not prove to be applicable to the causes of action alleged. However, to the extent Plaintiffs claim the affirmative defenses do not provide the nature and grounds for the affirmative defense, many of these concerns are remedied by Defendants' response which points to the facts in the 4AC and its Answer that support each affirmative defense. Nonetheless, the Court finds that some of the affirmative defense are still insufficient.

### A. First Affirmative Defense for Failure to State a Claim

Defendants previously brought a Motion to Dismiss for failure to state a claim. (ECF No. 104-106.) The Court granted the motion in part and denied the motion in part. (ECF No. 111.) To the extent Defendants now raise an affirmative defense that the remaining causes of action fail to state a claim, this issue has already been addressed and ruled on by this court. Therefore, this Court **GRANTS** Plaintiffs' Motion to Strike the first affirmative defense.

### B. Affirmative Defenses Alleging Plaintiff Has Not Met Burden of Proof

"A defense which demonstrates that Plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1088

(9th Cir. 2002). In order to prove a securities violation, a Plaintiff must prove that Defendant knowingly made a misstatement or omission of material fact on which the Plaintiffs justifiably relied which proximately caused the plaintiff's investment loss. *Gray v. First Winthrop Corp.,* 82 F.3d 877, 884 (9th Cir. 1996); *Binder v. Gillespie,* 184 F.3d 1059, 1065 (9th Cir. 1999); *Matrixx Initiatives, Inc. v. Siracusano,* 563 U.S. 27, 48 (2011).

Defendants assert affirmative defenses alleging Plaintiffs did not justifiably rely on any of Defendants' statements (Seventh Affirmative Defense), Plaintiffs' damages are speculative or nonexistent (Fifteenth Affirmative Defense), Defendants did not commit any fraudulent conduct (Sixteenth Affirmative Defense), Plaintiffs have no basis for this action and thus have filed it in bad faith (Seventeenth Affirmative Defense), any transfer was made for value and in good faith—in other words not based on a knowing misstatement or omission by Defendants (Eighteenth Affirmative Defense), Defendants did not intend to defraud (Twentieth Affirmative Defense) and Plaintiffs were not harmed by any fraudulent transfer (Twenty-fourth affirmative defense). Since these are simply allegations that Plaintiffs did not meet their burden of proof on the underlying cause of action, they are not affirmative defenses. Hence, this Court **GRANTS** Plaintiffs' Motion to strike the seventh, fifteenth, sixteenth, seventeenth, eighteenth, twentieth and twenty-fourth affirmative defenses.

### C. Affirmative Defenses Failing to Provide Fair Notice

Even with the addition of the facts and allegations in Defendants' Response to the Motion to Strike (ECF No. 136), several of the affirmative defenses still fail to provide Plaintiffs with fair notice of the nature and grounds for the affirmative defense. In the Eighth Affirmative Defense, Defendants allege that "there has been nonperformance of a condition precedent to any alleged duties, contractual or otherwise on the part of . . . Defendants." However, Defendants fail to provide notice of what that condition precedent is. Similarly, in the Ninth Affirmative Defense,

Defendants allege that "there has occurred a condition subsequent to the making of a duty, or any alleged contract, between the parties, thereby excusing the Defendants . . . from any further performance." However, Defendants fail to provide notice of what that condition subsequent is. Finally, in the Tenth Affirmative Defense, Defendants allege that their acts and omissions were privileged, without any elucidation as to what that privilege is based on. Because these affirmative defenses fail to provide adequate notice to Plaintiffs, the Court **GRANTS** Plaintiffs Motion to strike the eighth, ninth and tenth affirmative defenses.

### D. Duplicative Affirmative Defenses

Defendants concede that their thirtieth, thirty-first and thirty-fifth affirmative defenses are duplicative of other affirmative defenses. Hence, the Court **GRANTS** Plaintiffs' Motion to Strike these affirmative defenses.

### E. The Fortieth Affirmative Defense

In the Fortieth Affirmative Defense, Defendants claim they have insufficient knowledge or information and "may have additional, as yet unknown, affirmative defenses." Thus, "Defendant[s] reserve the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate." This is an inappropriate use of the affirmative defense. If Defendants feel the need to amend a pleading after discovery, they should move to do so pursuant to the Federal Rules of Civil Procedure.

### III. CONCLUSION

The Court **GRANTS IN PART** the Motion to Strike and strikes the 1st, 7th, 8th, 9th, 10th, 15th 16th, 17th, 18th, 20th, 24th, 30th, 31st, 35th and 40th affirmative defenses. The Court **DENIES** the Motion to Strike all other affirmative defenses.

**IT IS SO ORDERED.**

**DATED:  April 5, 2016**

Hon. Cynthia Bashant
United States District Judge